## H. C. Smith, etc., v. W. J. Walker, etc.

**Sales—Purchaser of Adulterated Whisky—Sale by Purchaser After Knowledge of Adulteration—Estoppel.**

A purchaser of adulterated whisky is entitled to recover damages on his cross-petition, unless he sold the whisky after he was apprised of its being adulterated, in that event he is estopped to claim damages.

APPEAL FROM ESTILL CIRCUIT COURT.

November 21, 1872.

Opinion by Judge Pryor:

The opinion heretofore rendered in this case adjudged that if the assignees of the note on the appellant surrendered the note on Johnson in consideration of the assignment to them that the obligors in the note were estopped as against the assignees from impeaching the legality of the original consideration. Instruction No. 4, given at the instance of the appellees, Walker, etc., embraces this view of the case and was in perfect accordance with the opinion of this court. The instructions asked for by the appellants were properly refused, and if not, the instructions given by the court in lieu of the instruction asked for, presented the defense of the appellants to the jury, or the law applicable thereto, in a plain and intelligible manner. The jury were told "that if the note sued on was given for whisky that contained poisonous substance and was not of the kind contracted for, and that defendant offered to rescind the contract and return the whisky, then the defendant's right to avoid the payment of the note had not been waived or lost as against either Mize or to his assignees unless they believe as defined in instruction No. 4. This instruction, as already stated, was to th effect that if the note on Johnson was surrendered by the assignees in consideration of the assignment (the proof showing that it was assigned at the instance of both the obligor and obligees) that the facts then constituted no defense as against the assignees. The jury was further told that although no such offer was made to rescind the contract and the jury should find for Walker the amount of the note, but at the same time they

further find that the note was given on a contract for first proof whisky, and the whisky was sold by samples of good whisky, and that the whisky delivered was not such as was sold but was drugged and adulterated, etc., then on the counterclaim and cross-petition against Mize's administrator they should find for Smith such damages as he sustained unless they believe that Smith sold said whisky after he was apprised of its being adulterated. The court below has presented the law of the case, so that the jury could not have been misled in regard to the issues made between these parties, and the evidence being conflicting and such as would authorize this court to sustain a finding for either party.

The judgment must be affirmed.

*H. C. Lilly, for appellants.*

*John Bennett, Turner & Smith, for appellees.*